SEYFARTH SHAW LLP
Jamie C. Pollaci (SBN 244659)
jpollaci@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

SEYFARTH SHAW LLP
Geoffrey C. Westbrook (SBN 281961)
gwestbrook@seyfarth.com
Christopher J. Truxler (SBN 282354)
ctruxler@seyfarth.com
400 Capitol Mall, Suite 2350
Sacramento, California 95814-4428
Telephone: (916) 448-0159
Facsimile: (916) 558-4839

Attorneys for Defendant
PRIME HEALTHCARE CENTINELA, LLC
DBA CENTINELA HOSPITAL MEDICAL
CENTER

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELITHIA BUTLER, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PRIME HEALTHCARE CENTINELA, LLC DBA CENTINELA HOSPITAL MEDICAL CENTER; and DOES 1 through 100 inclusive,<br><br>　　　　Defendants. | Case No.　2:19-cv-1738<br><br>**DEFENDANT PRIME HEALTHCARE CENTINELA, LLC DBA CENTINELA HOSPITAL MEDICAL CENTER'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT** |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF:**

PLEASE TAKE NOTICE that Defendant Prime Healthcare Centinela, LLC ("Defendant"), by and through the undersigned counsel, and pursuant to 28 United States

1

Code sections 1331, 1367, 1441 and 1446, files this Notice of Removal with respect to the above captioned case, which was filed and currently is pending in the Superior Court of Los Angeles County, California.  In support of its Notice of Removal, Defendant states as follows:

## BACKGROUND & TIMELINESS OF REMOVAL

1.     On January 30, 2019, Melithia Butler ("Plaintiff") commenced a civil action against Defendant by filing a complaint in Los Angeles County Superior Court, California (the "Complaint").  The lawsuit is recorded on that court's docket as Case No. 19STCV03139. The Complaint, and the subsequently served First Amended Complaint ("FAC") allege claims against Defendant for violation of the Family Medical Leave Act (29 U.S.C. § 2601 *et seq.*), and other related state statutory and common law claims. There are no parties other than Defendant named in Plaintiff's Complaint or FAC.

2.     Defendant was served with the summons and Complaint on February 6, 2019.  True and correct copies of the summons and Complaint are attached hereto as **Exhibit A**.  Defendant was also served with a Notice of Case Management Conference and a Notice of Order to Show Cause Hearing on February 26, 2019 (true and correct copies of which are attached hereto as **Exhibit B**).  Finally, Defendant received a First Amended Complaint on March 7, 2019, with a proof of service by mail dated March 5, 2019.  Attached hereto as **Exhibit C** is a true and correct copy of the First Amended Complaint.  The summons, Complaint, Notice of Case Management Conference, Notice of Order to Show Cause Hearing, and First Amended Complaint constitute "all summons, pleadings, and orders" in the state court action, and true and correct copies thereof are attached hereto as **Exhibits A through C**. *See* 28 U.S.C. § 1446(a).

3.     Because Defendant has filed this Notice of Removal within thirty days of Plaintiff's service of summons, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

### THIS COURT HAS FEDERAL QUESTION JURISDICTION

4.    In her FAC, Plaintiff alleges a claim for violation of the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA") (Ex. C, FAC, ¶¶ 11-28). Specifically, Plaintiff alleges that during her employment with Defendant, she developed the serious health condition of CRPS on her left wrist and elbow, and her physician prescribed her to be off work to heal from May 27, 2017, to July 27, 2017. (Ex. C, FAC, ¶ 6.) Based on these allegations, Plaintiff alleges that as a result of her "serious health condition," she was qualified for and was entitled to leave under the Family Medical Leave Act. (Ex. C, FAC, ¶ 7, 11-28.) Plaintiff further alleges that she was terminated on June 15, 2017, in the middle of her leave, in violation of the FMLA. (Ex. C, FAC, ¶¶ 8, 19, 22.) Plaintiff seeks damages including loss of earnings, employment benefits, interest, attorney's fees, and liquidated damages pursuant to 29 United States Code section 2617.

5.    Pursuant to 28 United States Code section 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff's lawsuit is a civil action arising under the laws of the United States—the FMLA—and this Court has jurisdiction over Plaintiff's lawsuit.

6.    Pursuant to 28 United States Code section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Accordingly, Defendant's removal of Plaintiff's lawsuit to this Court is proper. 28 U.S.C.§ 1441(a).

7.    In addition to the FMLA claim, Plaintiff's Complaint also alleges whistleblower retaliation in violation of California Labor Code section 1102.5, wrongful termination in violation of public policy, and intentional infliction of emotional distress. These claims are all premised on the same facts as the FMLA claim: namely, that Defendant terminated Plaintiff while she was on medical leave. (*See* Ex. C, FAC, ¶¶ 8, 31, 32, 34, 36, 43, 51.)

8. To the extent that the Complaint alleges these state statutory and common law claims, this Court has supplemental jurisdiction over any such claims pursuant to 28 United States Code section 1367 because those claims arise out of the same operative facts as Plaintiff's claim under FMLA and "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

## VENUE AND NOTICE TO STATE COURT

9. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Venue is proper in the Central District of California because this District embraces the Superior Court of Los Angeles County, California, where this lawsuit was filed and is now pending.

10. Pursuant to 28 United States Code section 1446(d), Defendant will promptly file a Notice of Filing of Notice of Removal with the Superior Court of Los Angeles County, California (the "Notice"). A copy of the Notice, without the accompanying exhibit, is attached hereto as **Exhibit D**. This Notice along with the Notice of Removal are being served contemporaneously upon Plaintiff's counsel pursuant to 28 United States Code section 1446(d).

## NO RELATED CASES PENDING

11. To the best of Defendant's knowledge, there are no cases presently pending in this Court that relate to the action that is the subject of this Notice of Removal.

## CONCLUSION

12. Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 United States Code section 1331; therefore, the Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. 1441(a).

13. Should Plaintiff seek to remand this case to state court, Defendant respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case.

4

14.    Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever (or that the damages she seeks may be properly sought).

15.    For the foregoing reasons, Defendant respectfully requests that this civil action be, and is hereby, removed to the United States District Court for the Central District of California based on federal question jurisdiction, that this Court assume jurisdiction of this civil action, and that this Court enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

DATED: March 8, 2019

Respectfully submitted,

SEYFARTH SHAW LLP

By:___ /s/ Jamie C. Pollaci
Jamie C. Pollaci
Geoffrey C. Westbrook
Christopher J. Truxler

*Attorneys for Defendant*
PRIME HEALTHCARE
CENTINELA, LLC DBA
CENTINELA HOSPITAL MEDICAL
CENTER

5

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT